IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHELSEA TORRES and JESSAMY
TORRES, individually and as next friends and
parents of A.T., a minor child, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

    v.

KITTY RHOADES, in her official capacity as
Secretary of the State of Wisconsin
Department of Health Services,

                    Defendant.

ORDER

15-cv-288-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed class action brought under 42 U.S.C. § 1983, plaintiffs Chelsea Torres and Jessamy Torres are a same-sex couple who are challenging defendant Kitty Rhoades's refusal to list both Chelsea and Jessamy as parents on the birth certificate of their son, who was born in March 2015, after the two were legally married. Plaintiffs contend that defendant is discriminating against them because of their sex and sexual orientation, in violation of the equal protection clause, and interfering with their right to familial association, in violation of the due process clause. Plaintiffs seek a declaration that defendant's refusal is unconstitutional and an injunction directing her to apply the "spousal presumption of parentage" in Wis. Stat. §§ 69.14(1)(e)1, 891.40(1),and 891.41(1)(a) to same-sex spouses.

1

Plaintiffs have filed simultaneous motions for class certification and summary judgment. Dkt. ##25 and 27. That was an unusual step. Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 941–42 (7th Cir. 1995) ("Rule 23(c)(1) of the civil rules requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment."). See also Larson v. JPMorgan Chase & Co., 530 F.3d 578, 581 (7th Cir. 2008); Wiesmueller v. Kosobucki, 513 F.3d 784, 787 (7th Cir. 2008). Ordinarily, class certification precedes summary judgment so that notice can be sent to the class before the court resolves the case on the merits.

In cases like this one under Fed. R. Civ. P. 23(b)(2), in which the plaintiffs are seeking declaratory and injunctive relief only, the court is permitted but not required to "direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). Presumably, the parties do not believe that the class is entitled to notice in this case because neither side mentions notice in their filings, even though they agree that certification is appropriate. (The parties dispute whether the court should create subclasses, but I need not address that issue in this order.)

Even in cases involving a Rule 23(b)(2) class, notice may be required "to enable class members to challenge the class representatives or otherwise intervene in the suit, rather than to allow them to opt out." Johnson v. Meriter Health Services Employee Retirement Plan, 702 F.3d 364, 370 (7th Cir. 2012). "To decide whether notice is proper in such actions, the court should 'balanc[e] the risk that notice costs may deter the pursuit of class relief against the benefits of notice.'" Ruppert v. Alliant Energy Cash Balance Pension Plan, 255 F.R.D.

2

628, 638 (W.D. Wis. 2009) (quoting 2003 Advisory Committee Notes to Rule 23). Because the parties have not addressed this issue, it is difficult to determine whether notice should be required in this case. Accordingly, I will give the parties an opportunity to file supplemental materials to address that question.

ORDER

IT IS ORDERED the parties may have until December 30, 2015, to show cause why the class should not receive notice in the event that the court grants the motion for class certification. In addition, the parties should address the question of how notice would be provided if that is what the court orders.

Entered this 16th day of December, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge