IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHELSEA TORRES and JESSAMY
TORRES, individually and as next friends and
parents of A.T., a minor child, on behalf of
themselves and all others similarly situated,

                                                                    OPINION and ORDER
                    Plaintiffs,
                                                                        15-cv-288-bbc
          v.

KITTY RHOADES, in her official capacity as
Secretary of the State of Wisconsin
Department of Health Services,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action brought under 42 U.S.C. § 1983, plaintiffs Chelsea Torres,

Jessamy Torres and A.T. are seeking to represent a class of lesbian married couples and any

children of the couples born after June 6, 2014, the date this court held that Wisconsin laws

banning same-sex marriage are unconstitutional.  Wolf v. Walker, 986 F. Supp. 2d 982

(W.D. Wis. 2014).  Plaintiffs contend that the equal protection clause and the due process

clause entitle all members of the proposed class to a birth certificate that names both

members of the couple as parents without the nonbirth parent having to go through the

process of adopting the child.  Am. Cpt. ¶ 5, dkt. #11.

Now before the court are plaintiffs' motions for class certification and summary

judgment.  Dkt. ##25 and 27.  As I noted in a previous order, it is unusual for plaintiffs to

1

seek class certification and summary judgment at the same time.  This case makes it clear why that is so.  Although I have no doubt that plaintiffs' claims are appropriate for class treatment, I agree with defendant Kitty Rhodes that plaintiffs are not adequate representatives for all members of the class because of the differences between their circumstances and the circumstances of other proposed class members.  Accordingly, I am denying plaintiffs' motion for class certification without prejudice to give plaintiffs an opportunity to narrow the proposed class or find additional named plaintiffs whose interests more closely match the other class members.  This also means that I must deny plaintiffs' motion for summary judgment as premature.  Finally, I am denying plaintiffs' "motion to submit first notice of supplemental authority" as premature because the cited authority relates to plaintiffs' summary judgment motion.


OPINION

Federal Rule of Civil Procedure 23(a) lists four prerequisites to proceeding as a class action: (1) the number of class members is too numerous to make joinder practical; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the named plaintiffs are typical of the rest of the class; and (4) the named plaintiffs and their counsel can adequately represent the interests of the class.  In addition, courts have read in "an implicit requirement under Rule 23 that a class must be defined clearly and that membership be defined by objective criteria."  Mullins v. Direct Digital, LLC, 795 F.3d 654, 657 (7th Cir. 2015).  Finally, the plaintiffs must meet the requirements of at least one of the types

of class actions listed in Rule 23(b).  In this case, plaintiffs wish to proceed under Fed. R.

Civ. P. 23(b)(2), which applies when the plaintiffs are seeking injunctive or declaratory relief

that "would benefit the class as a whole."  <u>Chicago Teachers Union, Local No. 1 v. Board of

Education of City of Chicago</u>, 797 F.3d 426, 441 (7th Cir. 2015).

> Plaintiffs seek to represent the following class:
>
> All same-sex couples who legally married in Wisconsin or in another jurisdiction,  at least one member of whom gave birth to a child or children in Wisconsin on or after June 6, 2014, and who request birth certificates for such children listing both  spouses as parents, regardless of whether they have already received birth certificates listing only one spouse as a parent ("Plaintiff Parents"); and all  children born to such couples on or after June 6, 2014 ("Plaintiff Children").

Am. Cpt. ¶ 16, dkt. #11.

I agree with defendant that plaintiffs' proposed class has only one problem.

Defendant does not deny that plaintiffs *could* meet all of the Rule 23 requirements, but she

argues that subclasses are needed because "the different ways in which putative class

members conceived their children" make "a unitary resolution" of plaintiffs' claim

"unworkable."  Dft.'s Br., dkt. #36, at 2.  To understand this objection, it is necessary to

explain the Wisconsin statutes governing the placement of parents' names on a birth

certificate when the woman giving birth is married.

The procedure for preparing a birth certificate is described in Wis. Stat. § 69.14.  The

statute assumes and the parties agree that the woman giving birth is always listed as the

mother, at least for the purposes of this case.  (There is a special provision for surrogate

mothers, Wis. Stat. § 69.14(h), but plaintiffs do not seek to represent any couples who

conceived a child through surrogacy.  Plts.' Br., dkt. #28, at 17-18 n.6.  Thus, although plaintiffs' class definition refers generally to "same-sex couples," gay male couples are not included in the proposed class.)  The statute also assumes that the second parent is the "father;" there are no provisions in the statute for lesbian couples.

If the mother is married when she gives birth, the general rule is that "the name of the husband of the mother shall be entered on the birth certificate as the legal father of the registrant."  Wis. Stat. § 69.14(1)(e)1.  The name of the father cannot be changed except through an action seeking a paternity determination under Wis. Stat. ch. 767.  However, if the married couple conceived their child through artificial insemination, the husband is listed as the father only if the couple complied with the requirements in Wis. Stat. § 891.40.  Wis. Stat. § 69.14(1)(g).  Under § 891.40, the insemination must be "supervis[ed]" by a licensed physician and the husband must give written consent to the procedure.  If the couple does not comply with § 891.40, no father is listed on the birth certificate.  Wis. Stat. § 69.14(1)(g).

In light of these statutes, defendant argues that the court should create three subclasses.  The first subclass would be couples like plaintiffs who conceived their child through artificial insemination and complied with the requirements in Wis. Stat. § 891.40.  Plts.' PFOF ¶ 11-12, dkt. #34.  The second subclass would be couples who conceived their child through artificial insemination but did *not* comply with § 891.40.  The third subclass would be couples who conceived their child through natural insemination.

Defendant proposes these subclasses because she says the reasons for granting or

denying a lesbian couple's request are different depending on the way in which the child was conceived.  With respect to the first proposed subclass (couples who complied with the artificial insemination statute), defendant concedes that heterosexual and lesbian couples are similarly situated because, in either case, the biological father does not have any parental rights. Wis. Stat. § 891.40(2) ("The donor of semen provided to a licensed physician for use in artificial insemination of a woman other than the donor's wife is not the natural father of a child conceived, bears no liability for the support of the child and has no parental rights with regard to the child.").  For this reason, defendant agrees that members of the first proposed subclass are entitled to relief now that same-sex marriage is legal in Wisconsin.  (In fact, it is undisputed that defendant offered to amend plaintiffs' birth certificate for A.T., Dft.'s PFOF ¶ 19, dkt. #40; Plts.' Resp. to Dft.'s PFOF ¶ 19, dkt. #40, and later offered to amend the birth certificates of *all* the couples who complied with Wis. Stat. § 891.40, Dft.'s PFOF ¶ 20, dkt. #40; Plts.' Resp. to Dft.'s PFOF ¶ 20, dkt. #40, but plaintiffs declined this offer so that they could maintain this class action.)

With respect to the second proposed class (couples who did not comply with the artificial insemination statute), defendant says that, again, heterosexual couples and lesbian couples are similarly situated and, for that reason, lesbian couples are not entitled to include the nonbirth parent on the birth certificate because fathers are not included on the birth certificate in that circumstance.  With respect to the third proposed class (couples who conceived through natural insemination), defendant argues that the nonbirth parent is not entitled to be placed on the birth certificate without going through adoption proceedings

because the "birth certificate statutes cannot be casually applied to same-sex couples as if the rights of biological fathers did not exist."  Dft.'s Br., dkt. #36, at 12.  I understand defendant's argument to be that the nonbirth parent in the context of a lesbian couple is not similarly situated to a husband because § 69.14(1)(e)1 is premised on a presumption that the husband is the biological father of the child, but it is known that a same-sex spouse of the birth mother is not a biological parent.

The general rule in this circuit is that a plaintiff cannot be an adequate representative of the class if she is not subject to the same defenses as other members of the class, at least if the defense is central to the litigation.  CE Design Ltd. v. King Architectural Metals, Inc., 637 F.3d 721, 724-25 (7th Cir. 2011); 5 Moore's Federal Practices § 23.25[2][b][iv] (3d ed. 2007).  This rule seems to apply in this case. Particularly because defendant already has offered to issue plaintiffs a two-parent birth certificate on the ground that they followed the procedures for artificial insemination in Wis. Stat. § 891.40, plaintiffs do not seem to have the same interests as the other two subclasses who did not receive the same offer.

Plaintiffs' only response to defendant's objection is to repeat their argument on the merits that all members of the class are entitled to a two-parent birth certificate.  However, a determination of the merits is separate from a determination of class certification.  CE Design, 637 F.3d at 724-25.  Defendant does not have to show that it will prevail on its arguments at the class certification stage.  Id. at 726.  Although plaintiffs may be able to show ultimately that all class members are entitled to a birth certificate listing both spouses, defendant's arguments are not so weak that I can simply disregard them when determining

6

whether class certification is appropriate.

The court of appeals has stated in a number of cases that subclasses are an appropriate way to address the problem of a named plaintiff who does not represent the interests of all members of the class.  Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1081 (7th Cir. 2013); Johnson v. Meriter Health Services Employee Retirement Plan, 702 F.3d 364  (7th Cir. 2012); In re Brand Name Prescription Drugs Antitrust Litigation, 115 F.3d 456, 457-58 (7th Cir. 1997).  Accordingly, I am denying plaintiffs' motion for class certification without prejudice to their refiling the motion after either: (1) finding class representatives to represent the other two subclasses; or (2) narrowing the scope of the class to families like plaintiffs who complied with Wis. Stat. § 891.40.  Because the renewed motion for class certification could change the scope of the issues in this case, I am also denying plaintiffs' motion for summary judgment without prejudice.

I note one final issue that neither side discusses in their briefs.  In their amended complaint, plaintiffs ask the court to declare Wis. Stat. § 891.41 unconstitutional because it excludes same-sex couples.  That statute creates a presumption that the husband of the birth mother is the "natural father" of the child.  However, plaintiffs do not explain how that presumption relates to birth certificates, which is the only issue plaintiffs raise in this case.  In re Paternity of T.J.D.C., 2008 WI App 60, ¶ 10, 310 Wis. 2d 786, 793, 750 N.W.2d 957, 961 ("The presumption of paternity does not put [a man's] name on [a child's] birth certificate.").  As discussed above, a separate statute, Wis. Stat. § 69.14, governs birth certificates.  Plaintiffs do not cite any authority for the view that § 891.41 controls the way

that § 69.14 is interpreted or applied. Rather, the case law applying § 891.41 seems to involve issues that arise later.  E.g., <u>Hendrick v. Hendrick</u>, 2009 WI App 33, ¶¶ 6-7, 316 Wis. 2d 479, 485, 765 N.W.2d 865, 868 (considering effect of spousal presumption of parentage on child support claim); <u>Matter of Estate of Schneider</u>, 150 Wis. 2d 286, 441 N.W.2d 335 (Ct. App. 1989) (relying on spousal presumption of parentage in § 891.41 to reject inheritance claim of alleged child).

Plaintiffs do not include any allegations in their amended complaint showing how they are being injured by § 891.41, which raises the question whether they have standing to challenge that statute.  <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 103 (1998) (plaintiff does not have standing unless she shows that she has suffered an injury-in-fact that is concrete and actual or imminent, the injury is fairly traceable to defendants' allegedly wrongful conduct and a likelihood exists that requested relief will redress the alleged injury).  Standing is a jurisdictional issue, so I cannot ignore it even if defendant does not raise an objection.  <u>Booker-El v. Superintendent, Indiana State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012).  Thus, if plaintiffs plan to continue to seek a ruling regarding the constitutionality of Wis. Stat. § 891.41, they will have to show that one or more plaintiffs meet all the requirements for standing.

ORDER

IT IS ORDERED that

1.  The motions for class certification and summary judgment filed by plaintiffs Chelsea Torres,  Jessamy Torres and A.T., dkt. ##25 and 27, are DENIED WITHOUT PREJUDICE.

2.  Plaintiffs may have until February 1, 2016, to file a renewed motion for class certification as described in this order.  The parties' December 30, 2015 deadline for informing the court whether they believe class notice is appropriate, dkt. #45, is EXTENDED to February 1, 2016.  After the court resolves the certification motion, the court will set a new deadline for dispositive motions.  If plaintiffs do not plan to file a renewed motion for class certification, they may have until February 1, 2016, to file a renewed motion for summary judgment limited to the named plaintiffs.

3.  The February 10, 2016, trial date is STRICKEN.  After the court resolves any dispositive motions filed by the parties, the court will set a new date, if one is needed.  If plaintiffs do not file a renewed class certification motion or summary judgment motion by February 1, 2016, the court will set a new trial date at that time.

4.  Plaintiffs' "motion to submit first notice of supplemental authority," dkt. #44, is DENIED as premature.

Entered this 21st day of December, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge