IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHELSEA TORRES and JESSAMY
TORRES, individually and as next friends and
parents of A.T., a minor child, on behalf of
themselves and all others similarly situated,

                                                                            OPINION and ORDER

                Plaintiffs,

                                                                             15-cv-288-bbc

   v.

KITTY RHOADES, in her official capacity as
Secretary of the State of Wisconsin
Department of Health Services,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Chelsea Torres, Jessamy Torres and A.T. brought this proposed class action to challenge the constitutionality of several Wisconsin statutory provisions relating to parental rights on the ground that the provisions discriminate against same-sex married couples and their children. Now before the court is plaintiffs' second motion for class certification. Dkt. #48. I denied plaintiffs' first motion for class certification without prejudice on the ground that the named plaintiffs were not adequate representatives to obtain all of the relief they were seeking and gave plaintiffs an opportunity to file an amended motion that included additional class representatives or narrowed the scope of their requested relief. Dkt. #48.

In their new motion, plaintiffs have not sought to add more class representatives, but

1

they have narrowed the scope of their proposed class somewhat. For the reasons explained below, I conclude that plaintiffs' proposed class is still too broad because it includes couples who conceived their children under different circumstances. Accordingly, I am granting plaintiffs' motion in part, but I am limiting the class to families like plaintiffs who conceived a child through artificial insemination but did not comply with one or more requirements in Wis. Stat. § 891.40, the statute that governs the situation under which a married couple who conceived a child through artificial insemination may list both spouses as parents on the birth certificate.

OPINION

In their first motion for class certification, plaintiffs sought to represent the following class:

> All same-sex couples who legally married in Wisconsin or in another jurisdiction, at least one member of whom gave birth to a child or children in Wisconsin on or after June 6, 2014, and who request birth certificates for such children listing both spouses as parents, regardless of whether they have already received birth certificates listing only one spouse as a parent ("Plaintiff Parents"); and all children born to such couples on or after June 6, 2014 ("Plaintiff Children").

Am. Cpt. ¶ 16, dkt. #11. Plaintiffs sought an injunction requiring defendant to treat a same-sex spouse of a birth mother the same way that a husband is treated under Wis. Stat. § 69.14(1)(e)1, under which "the name of the husband of the mother shall be entered on the birth certificate as the legal father of the registrant."

Defendant objected to plaintiffs' motion for class certification on the ground that the

proposed class included three disparate groups of people. The first group includes couples who conceived their child through artificial insemination and complied with Wis. Stat. § 891.40, which requires that (1) the artificial insemination be performed "under the supervision of a licensed physician"; (2) the spouse not being inseminated give "consent [that is] in writing and signed by" both spouses; and (3) the physician supervising the procedure filed the written consent with the Department of Health Services. The second group includes couples who conceived the child through artificial insemination but did *not* comply with § 891.40. The third group includes couples who conceived the child through heterosexual intercourse.

Defendant argued that different class representatives were needed for each of those groups because the reasons for granting or denying a two-parent birth certificate were different for each group. With respect to the first group (same-sex couples who complied with the artificial insemination statute), defendant conceded that heterosexual and lesbian couples are similarly situated because, in either case, the biological father does not have any parental rights. Wis. Stat. § 891.40(2) ("The donor of semen provided to a licensed physician for use in artificial insemination of a woman other than the donor's wife is not the natural father of a child conceived, bears no liability for the support of the child and has no parental rights with regard to the child."). For this reason, defendant agreed that members of the first group are entitled to relief now that same-sex marriage is legal in Wisconsin.

With respect to the second group (same-sex couples who conceived through artificial insemination but did not comply with § 891.40), defendant's position was that, again,

3

heterosexual couples and lesbian couples are similarly situated and, for that reason, lesbian couples are not entitled to include the nonbirth parent on the birth certificate because fathers are not included on the birth certificate in that circumstance. Wis. Stat. § 69.14(1)(g) ("If the registrant is born as a result of artificial insemination which does not satisfy the requirements of s. 891.40, the information about the father of the registrant shall be omitted from the registrant's birth certificate.").

With respect to the third group (same-sex couples who conceived through heterosexual intercourse), defendant argued that the nonbirth parent is not entitled to be placed on the birth certificate without going through adoption proceedings because the "birth certificate statutes cannot be casually applied to same-sex couples as if the rights of biological fathers did not exist." Dft.'s Br., dkt. #36, at 12. I understood defendant's argument to be that the same-sex spouse of a birth mother is not similarly situated to a husband because § 69.14(1)(e)1 is premised on a presumption that the husband is the biological father of the child, but it is known that the same-sex spouse of the birth mother is not a biological parent.

In an order dated December 21, 2015, I agreed with defendant that the differences among the groups justified the creation of three subclasses, each of which required its own class representative. It appeared from the parties' submissions that it was undisputed that the named plaintiffs fell within the *first* group of individuals who used artificial insemination and complied with Wis. Stat. § 891.40. As a result, I gave plaintiffs the choice of finding additional class representatives for the other two groups or limiting the class to individuals who conceived a child through artificial insemination and complied with § 891.40.

In their renewed motion for class certification, the named plaintiffs say that they do not belong in the group of individuals who complied with § 891.40 because plaintiff Jessamy Torres (the nonbirth parent of A.T.) never gave written consent for the insemination of plaintiff Chelsea Torres. As a result, plaintiffs no longer seek to represent the individuals who complied with § 891.40. Instead, they seek to represent same-sex couples who did *not* comply with § 891.40, regardless whether the couple's child was conceived through assisted reproductive technology or heterosexual intercourse. In particular, plaintiffs propose the following class definition:

> All members of same-sex couples who, while legally married in Wisconsin or in another jurisdiction, at least one member of the couple gave birth to a child or children in Wisconsin on or after June 6, 2014, providing that the pregnancy or pregnancies resulting in the birth of such child or children was/were achieved in a manner inconsistent with one or more of the requirements of Wis. Stat. § 891.40 for "artificial insemination," and who request birth certificates for such children listing both spouses as parents, regardless of whether they have already received birth certificates listing only one spouse as a parent ("Plaintiff Parents"); and all children born to such couples on or after June 6, 2014 ("Plaintiff Children").

(June 6, 2014 is the date that this court declared that the Wisconsin laws banning same-sex marriage were unconstitutional. Wolf v. Walker, 986 F. Supp. 2d 982 (W.D. Wis. 2014).)

Having reviewed the parties' briefs, I adhere to my conclusion that subclasses are needed because the named plaintiffs are not in the same situation as the entire class. Again, with respect to class members such as plaintiffs who conceived through artificial insemination but did not comply with the requirements of Wis. Stat. § 891.40, defendant's position is that same-sex couples are not entitled to a birth certificate naming both spouses as parents because different-sex couples in that situation are not entitled to list both spouses

5

either. With respect to same-sex couples who conceived their child through heterosexual intercourse, defendant's argument is that same-sex spouses are not entitled to a birth certificate naming both spouses because the state must consider the interests of the biological father and, unlike with different-sex couples, it makes no sense to "presume" that the spouse not giving birth is a biological parent.

In response, plaintiffs say that there is no real difference between the two subclasses because the state does not enforce Wis. Stat. § 891.40 against different-sex couples. However, that is an argument about the *merits*, not class certification. Fed. Rule Civ. P. 23, Advisory Committee's 2003 Note on subd. (c)(1) ("[A]n evaluation of the probable outcome on the merits is not properly part of the certification decision."). See also Amgen Inc. v. Connecticut Retirement Plans and Trust Funds, 133 S.Ct. 1184, 1194-95 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."); Bell v. PNC Bank, National Association, 800 F.3d 360, 376 (7th Cir. 2015) ("[T]he default rule is that a court may not resolve merits questions at the class certification stage."). Defendant is not conceding at this stage of the case that § 891.40 is not enforced against different-sex couples. Dft.'s Ans. ¶ 30, dkt. #58 (denying that defendant "issues two-parent birth certificates to children born to married different-sex couples regardless of whether those children were born as a result of artificial insemination that did not satisfy the requirements of Wis. Stat. § 891.40(1), or as the result of nonmarital intercourse").

Further, even if plaintiffs' allegation is true, it would not mean that all the class members have the same claim. Rather, one set of class members would have a claim that

6

defendant is applying Wis. Stat. § 69.14(1)(g) (relating to children conceived through artificial insemination) in a discriminatory fashion. Another set of class members would have a claim that defendant is applying Wis. Stat. § 69.14(1)(e)1 (relating to children not conceived through artificial insemination) in a discriminatory fashion. In addition, the defenses to the two claims are not the same. With respect to § 69.14(1)(g), defendant admits that same-sex and different-sex couples are similarly situated, so her only potential defense is to deny that she is engaging in discriminatory enforcement. With respect to § 69.14(1)(e)1, defendant admits that she *is* discriminating against same-sex couples, but she says the discrimination is justified because different-sex couples and same-sex couples are not similarly situated in this context. These are obviously different claims and defenses.

Plaintiffs say that any differences among their claims are inconsequential because all of the potential class members are entitled to relief under the Supreme Court's decision in Obergefell v. Hodges, 135 S. Ct. 2584 (2015), but, again, that is an issue related to the merits, not class certification. As I stated in the December 21 order, it is well established that a named plaintiff is not an adequate representative for a class if she is not raising the same claims as the other class members or if her claim is subject to a different defense. CE Design Ltd. v. King Architectural Metals, Inc., 637 F.3d 721, 724-25 (7th Cir. 2011); 5 Moore's Federal Practice § 23.25[2][b][iv] (3d ed. 2007). Plaintiffs cite no contrary authority in their renewed motion.

Accordingly, I am granting plaintiffs' motion for class certification, but only as to those who are in plaintiffs' situation. In other words, I will certify a class as to the same-sex

couples who conceived a child through artificial insemination but did not comply with all the requirements in Wis. Stat. § 891.40.

A few loose ends need to be tied up. First, plaintiffs say that the three original subclasses proposed by defendant exclude couples who conceived a child through in vitro fertilization because in vitro fertilization is not a kind of artificial insemination and therefore is not subject to the requirements of Wis. Stat. § 891.40. Plts.' Br., dkt. #51, at 7 n.4 ("[A] a woman who uses IVF is not 'inseminated artificially with semen,' and therefore that pregnancy does not fall within the purview of Wis. Stat. § 891.40."). Defendant does not respond to this argument, so I construe her silence to mean that she agrees with plaintiffs. As a result, it appears that families who used in vitro fertilization are excluded from the class as well. This is because what sets plaintiffs apart from other potential class members is not just that they used some form of assisted reproductive technology but that Wisconsin has a statutory scheme in place for determining how birth certificates should be prepared when a child is conceived through artificial insemination. If in vitro fertilization does not qualify as artificial insemination within the meaning of the Wisconsin statutes, then that means in vitro fertilization is treated the same as sexual intercourse under Wisconsin law for the purpose of preparing a birth certificate. If either side believes that § 891.40 can be construed as including all forms of assisted reproductive technology, they should develop that argument in their summary judgment submissions.

Second, defendant says that plaintiffs are not adequate representatives because they have failed to make an attempt to meet the requirements of § 891.40. It is undisputed that

8

plaintiffs' artificial insemination was supervised by a physician but that Jessamy Torres (the nonbirth parent) never consented in writing to the procedure. Defendant reads § 891.40 and § 69.14 as allowing a spouse to provide written consent even years after conception and criticizes plaintiffs for not preparing a consent now and asking the physician who supervised the insemination to file the consent.

Defendant cites no authority for her interpretation of the statutes. Because § 69.14(1)(g) relates to the preparation of the birth certificate at the time of the birth, it makes sense that a couple who conceived through artificial insemination would need to comply with § 891.40 by that time in order to receive a birth certificate under § 69.14(1)(g). In any event, even if defendant's interpretation is correct, I see no reason to preclude plaintiffs from serving as class representatives simply because there might be a way that they could comply with the requirements of the statute now.

A plaintiff cannot sue over manufactured or self-inflicted injuries, Clapper v. Amnesty International USA, 133 S. Ct. 1138, 1151 (2013); Parvati Corp. v. City of Oak Forest, Illinois, 630 F.3d 512, 517-18 (7th Cir. 2010), but that obviously is not what happened in this case. When Chelsea Torres gave birth, the state was not issuing two-parent birth certificates under § 69.14(1)(g) to any same-sex couples. Rather, it was only after plaintiffs filed this case that defendant suggested that plaintiffs could receive a birth certificate with both spouses listed as parents. Whelan Aff. ¶ 6, dkt. #37. In fact, defendant offered to give plaintiffs an amended birth certificate even before she knew whether plaintiffs had complied with § 891.40, but defendant has not suggested that she made such an offer to any other

9

same-sex couple. Defendant cannot moot plaintiffs' case by trying to "pick off" the named plaintiffs with an individual offer. Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 670 (2016). Further, defendant has not identified any reason to believe that the plaintiffs' rejection of her offer makes them inadequate representatives. If anything, it shows their resolve to obtain relief for the class as a whole.

Third, Fed. R. Civ. P. 23(g)(1) requires the court to appoint class counsel in any order granting a motion for class certification. In their motion, plaintiffs discuss the knowledge and experience of the Lambda Legal Defense and Education Fund, Inc. as well as the law firm of Cullen Weston Pines & Bach LLP. I agree with plaintiffs that both entities are more than capable of serving as class counsel. However, plaintiffs say nothing in their motion about Lovell-Lepak Law Office, which also appears on plaintiffs' briefs. In the absence of any discussion about Lovell-Lepak, I will assume that plaintiffs are not seeking to include that firm as class counsel.

Fourth, the parties agree that class notice is not required in this case. Randall v. Rolls-Royce Corp., 637 F.3d 818, 820 (7th Cir. 2011) (in case seeking injunctive and declaratory relief only, "notice to unnamed class members is optional"). I agree as well. Now that the class will be limited to those families in plaintiffs' situation, "the interests of the class members are cohesive and homogeneous such that the case will not depend on adjudication of facts particular to any subset of the class nor require a remedy that differentiates materially among class members." Lemon v. International Union of Operating Engineers, Local No. 139, AFL-CIO, 216 F.3d 577, 580 (7th Cir. 2000). This lessens the

need "to enable class members to challenge the class representatives or otherwise intervene in the suit." Johnson v. Meriter Health Services Employee Retirement Plan, 702 F.3d 364, 370 (7th Cir. 2012).  Accordingly, I will allow the class to proceed without notice.

Finally, in the December 21, 2015 order, I noted that plaintiffs had included in their request for relief a declaration that Wis. Stat. § 891.41 is unconstitutional.  That statute creates a presumption that the husband of the birth mother is the "natural father" of the child. However, plaintiffs had not explained how they were being harmed by § 891.41.  The only issue plaintiffs raised in their complaint related to birth certificates, which are governed by Wis. Stat. § 69.14.  This raised the question whether plaintiffs had standing to challenge § 891.41.

In their brief in support of class certification, plaintiffs argue that § 891.41 and § 69.14 are intertwined because § 69.14 "merely documents the legal parentage established by Wis. Stat. § 891.41." Dkt. #51 at 11-12.  In other words, plaintiffs seem to believe that they cannot obtain a birth certificate with both spouses' names on it unless they receive the presumption in § 891.41. The problem with this argument is that plaintiffs cite no authority to support it.  Section 69.14 makes no reference to § 891.41.  Further, as I noted in the December 21 order, the case law applying § 891.41 seems to involve issues that arise well after the creation of the birth certificate.  E.g., Hendrick v. Hendrick, 2009 WI App 33, ¶¶ 6-7, 316 Wis. 2d 479, 485, 765 N.W.2d 865, 868 (considering effect of spousal presumption of parentage on child support claim); Matter of Estate of Schneider, 150 Wis. 2d 286, 441 N.W.2d 335 (Ct. App. 1989) (relying on spousal presumption of parentage in

11

§ 891.41 to reject inheritance claim of alleged child).  See also In re Paternity of T.J.D.C., 2008 WI App 60, ¶ 10, 310 Wis. 2d 786, 793, 750 N.W.2d 957, 961 ("The presumption of paternity does not put [a man's] name on [a child's] birth certificate.").

Because neither side suggests that § 891.41 would affect the named plaintiffs any differently from anyone else in the class, it is not an issue relevant to class certification, so I need not resolve it now.  However, if plaintiffs prevail in this case, they will not be entitled to a declaration that § 891.41 is unconstitutional unless they show that they cannot obtain a two-parent birth certificate without that relief.  To the extent that § 891.41 may be relevant to other issues that may arise later, plaintiffs may have forfeited those issues by failing to include them in their amended complaint.

ORDER

IT IS ORDERED that

1. The motion for class certification filed by plaintiffs Chelsea Torres, Jessamy Torres and A.T., dkt. #48, is GRANTED IN PART. The following class is certified:

> Members of same-sex couples and their children who meet all of the following criteria: (1) at least one member of the couple gave birth to one or more children in Wisconsin on or after June 6, 2014; (2) the couple was legally married at the time of the birth; (3) the couple conceived that child or those children using artificial insemination within the meaning of Wis. Stat. § 891.40; and (4) the couple did not comply with one or more requirements in Wis. Stat. § 891.40.

2. Camilla Bronwen Taylor, Christopher R. Clark and Kyle Anthony Palazzolo of Lambda Legal Defense and Education Fund, Inc. and Tamara Beth Packard of Cullen

Weston Pines & Bach LLP are APPOINTED as class counsel.

3. The parties shall adhere to the following schedule for the remainder of the case:

Dispositive motions: No later than June 6, 2016.

Discovery cutoff: September 30, 2016

Final pretrial submissions: October 31, 2016

Trial: November 14, 2016

Entered this 4th day of April, 2016.

        BY THE COURT:

        /s/
        BARBARA B. CRABB
        District Judge